IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JEFFREY R. PETERSON, | ) |
| Plaintiff, | ) |
| v. | ) No. CV-10-586-HU |
| ACUMED, LLC, | ) |
| Defendant. | ) OPINION & ORDER |

Paul Breed
815 SW Second Ave., Suite 500
Portland, OR 97204

    Attorney for Plaintiff

Courtney Angeli
Buchanan Angeli Altschul & Sullivan LLP
321 SW Fourth Ave., Suite 600
Portland, OR 97204

    Attorney for Defendant

HUBEL, Magistrate Judge:

Before the court is defendant Acumed, LLC's Motion to Amend its Answer, Affirmative Defenses, and Counterclaims [#15]. For the reasons set forth below, I grant the motion.

## Facts

Plaintiff Jeffrey Peterson worked for defendant Acumed LLC as a controller. On January 12, 2010, Peterson alleges a conversation with Acumed's president, David Jensen, about resigning from the company in which plaintiff claims he was promised that in exchange for his resignation, he would be given severance benefits better than another employee who had previously left the company. Jensen allegedly knew that the severance package was worth six months of salary plus a $35,000 bonus. According to Peterson, he accepted Jensen's offer.

Following Peterson's conversation with Jensen, Peterson allegedly discussed severance with Acumed human resources employee Noel Van Dyke. Van Dyke allegedly informed Peterson that no commitments regarding severance could be made without the approval of Colson Associates, and that the terms of severance packages were confidential.

Peterson ended his employment on or about March 5, 2010, at which time Acumed offered him a severance agreement that provided for only five months' pay.

///
///

2 - OPINION AND ORDER

Procedural History

On May 24, 2010, Peterson filed this lawsuit, contending that an oral contract had been formed between himself and Jensen. He demanded six months' pay, or $70,000, plus a $35,000 bonus, the value of six months of health insurance, or $6,000, and statutory penalties for the allegedly late wages.

On June 17, 2010, Acumed filed its Answer, stating affirmative defenses of failure to state a claim, no consideration, and wages timely paid. It did not file any counterclaims with the Answer.

On July 21, 2010, Acumed served its First Request for Production on Peterson. Peterson served Acumed with his initial disclosures on July 22, 2010. Included with those disclosures was a copy of the severance agreement that Acumed had negotiated with a former employee, Sue Richardson[1], and which Peterson had retained.

On August 3, 2010, this court held a Rule 16 conference. At the conference the attorneys advised me that depositions were scheduled for September 22-23, 2010. After discussing with the attorneys the need for a deadline to amend a pleading so discovery could proceed on finalized pleadings, I set a deadline of September

---

[1] Although Peterson's deposition testimony is clear that he retained a copy of Sue Richardson's severance agreement, for reasons not clear to the court, the parties' briefs refer to the retained severance agreement as the "Mockridge Agreement." See Decl. Courtney Angeli Ex. A, at 3; Pl.'s Mem. Opposition Def.'s Mot. Amend, at 2. For purposes of this opinion, the distinction is irrelevant and the court will refer to the Richardson agreement.

3 - OPINION AND ORDER

17, 2010, to amend any pleading to add a party, claim, or defense. All discovery was set to close on October 29, 2010.

On September 1, 2010, Peterson responded to Acumed's Request for Production, and produced, among other things, an email that Peterson had written to his parents that disclosed the terms of his severance agreement.

On September 21, 2010, Acumed learned that Peterson had retained a copy of a law firm bill to Acumed for, among other things, consultation about Peterson's termination.

On September 22, 2010, Acumed's attorneys deposed Peterson and learned that he had disclosed the terms of his alleged severance agreement to other third parties. Acumed also learned that Peterson had kept the Richardson agreement because it was of interest to him with respect to his own expected severance agreement.

During the month of October Acumed unsuccessfully sought Peterson's consent to amend its answer to add claims and defenses based on documents received in discovery and Peterson's deposition testimony. On October 27, 2010, Acumed filed the instant Motion for Leave to Amend Answer and Affirmative Defenses, and Add Counterclaims. Specifically, it seeks to add affirmative defenses of Unclean Hands and After Acquired Evidence, and counterclaims for Breach of Contract and Breach of Fiduciary Duty.

## Standards

If a district court enters a pretrial scheduling order that sets a deadline to amend pleadings, and a party moves to amend

4 - OPINION AND ORDER

pleadings after the deadline, the court should evaluate the motion under FRCP 16 and its good cause standard, not FRCP 15. <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1294 (9th Cir. 2000) ("the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [the parties] moved to amend.")

> A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under ... Rule 15. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."

<u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).

Discussion

I. Good Cause

A party meets the good cause standard if it shows that despite its diligence, it was unable to uncover the information underlying its motion to amend. <u>Mammoth Recreations</u>, 975 F.2d at 609. But where the attorneys "conduct[] discovery but fail[] to pay attention to the responses they receive[]," the attorneys frustrate "the kind of case management that Rule 16 is designed to eliminate" and "fail[] to establish 'good cause.'" <u>Id.</u> at 610.

Acumed contends that leave to amend should be given freely, and

5 – OPINION AND ORDER

that it could not have amended earlier because it did not learn of the facts underlying the claims and defenses until it deposed Peterson on September 22, five days after the deadline to amend a pleading. Peterson argues that Acumed could have and should have deposed him earlier, that his production of documents contained information that pointed to the defenses and counterclaims, and that Acumed's motion does not show good cause for not raising these issues before the deadline for amendment.

At the Rule 16 conference on August 3, after discussing with the attorneys whether either party might bring additional claims, I set the deadline to amend a pleading for five days before the depositions. I set the deadline in order that all the relevant claims and defenses would be disclosed by the time of the depositions. If Acumed had advised the plaintiff and the court that it may seek to add claims, depending on the information learned at the deposition at the Rule 16 conference this could have been addressed in setting the schedule. There is a tension between the need to have all the issues identified before the depositions and the need for depositions to disclose or complete disclosure of the issues involved in the claims and defenses. This tension is the reason I discuss both the deadline for amended pleadings and for fact discovery at the same time in a Rule 16 conference.

At oral argument, Acumed's attorney noted that she was aware of the possibility of additional claims and defenses prior to the amendment deadline, but did not have a good faith basis to bring those claims and defenses until after completing plaintiff's

6 - OPINION AND ORDER

deposition. The better practice in this situation was for defense counsel, once she was aware of the possible need to amend, to raise that issue with plaintiff's counsel and either request a change in the deadline to amend or to take plaintiff's deposition before the deadline. However, I will not deny the motion to amend in light of the specific facts of this case, which leave a credible argument that defendant did not yet have a Rule 11 good faith basis for amendment before the deposition of plaintiff.

Accordingly, Acumed's motion to amend is granted.

II.   Form of Amendment

In its briefing and at oral argument, plaintiff argued that the form of Acumed's proposed affirmative defenses and its proposed statements of damages are insufficient in that they do not give sufficient notice of their bases. Peterson contends that the motion to dismiss standard applies to affirmative defenses as well as to a plaintiff's claims, citing Barnes v. AT & T Pension Ben. Plan-Nonbargained Program, ___ F.Supp.2d ___, 2010 WL 2507769, at *4 (N. D. Cal. June 22, 2010) ("While neither the Ninth Circuit, nor any other Circuit . . . has ruled on this issue, the vast majority of courts presented with the issue have extended Twombly's heightened pleading standard to affirmative defenses.") Prior to Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007, the standard for affirmative defenses was "Rule 8's requirement of a 'short and plain' statement to give the opposing party fair notice of the defense and the grounds upon which it rests." Id. at *3.

Here, the language of the proposed Answer reads, "In light of

7 – OPINION AND ORDER

his inequitable conduct, plaintiff's claim for relief is barred by the doctrine of unclean hands." Proposed Amended Answer ¶ 16.

The After Acquired Evidence defense reads, "After acquired evidence of breach of confidentiality renders plaintiff's alleged severance contract unenforceable." Proposed Amended Answer ¶ 17.

The damages section of the Breach of Contract counterclaim related to disclosure of the severance terms to third parties reads, "As a result of Peterson's breach, Acumed was damaged in an amount to be determined at trial." Proposed Amended Answer at ¶ 27. Similarly, the damages section of the Breach of Fiduciary Duty counterclaim reads, "As a result of this breach, Acumed was damaged in an amount to be proven at trial." Proposed Amended Answer at ¶ 31.

As written, the proposed defenses and the statements of damages are not sufficiently particular to give Peterson notice of the issues to address, nor do they provide sufficient limits to what evidence will be relevant on these issues at trial. Before it files its amended answer, Acumed is directed to correct these deficiencies.

III. Discovery

Finally, at oral argument, Peterson advised the court that if amendment were allowed, he would need to reopen discovery in order to conduct additional depositions and ask for additional production of documents. Acumed advised the court that it does not need additional discovery.

Accordingly, I will allow discovery to be reopened for

8 – OPINION AND ORDER

plaintiff only.  Plaintiff shall consult with defense counsel and propose an amendment to the case schedule.

## Conclusion

Defendants' Motion for Leave to Amend its Answer, Affirmative Defenses, and Counterclaims [#15] is granted.

IT IS SO ORDERED,

Dated this   14th day of December, 2010.

/s/ Dennis J. Hubel

Dennis James Hubel
United States Magistrate Judge

9 - OPINION AND ORDER