**COURTNEY ANGELI**, OSB No. 941765
courtney@baaslaw.com
**MATTHEW B. DUCKWORTH**, OSB No. 022994
matt@baaslaw.com
**BUCHANAN ANGELI ALTSCHUL
& SULLIVAN LLP**
321 SW Fourth Avenue, Suite 600
Portland, OR  97204
Telephone:  (503) 974-5015
Facsimile:  (971) 230-0337

     Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **JEFFREY R. PETERSON**, | |
|     Plaintiff, | Case No. CV 10-586-HU |
|   v. | |
| **ACUMED LLC, a Delaware Corporation**, | **DEFENDANT'S STATEMENT OF CLAIMS** |
|     Defendant. | |

    Defendant Acumed LLC ("Acumed") respectfully submits the following Statement of Claims:

    Plaintiff brings one claim for unpaid wages pursuant to O.R.S. 652.140 and O.R.S. 652.150.  Plaintiff alleges that he and Acumed entered into a contract on January 12, 2010 to pay him six months of severance pay and six months of paid COBRA premiums in exchange for plaintiff's resignation.  Alternatively, plaintiff contends that a binding agreement was reached during a January 14 meeting during which Acumed asked plaintiff to continue working until March 5.  Plaintiff alleges further that Acumed breached the contract by failing to pay plaintiff

Page 1  –  **DEFENDANT'S STATEMENT OF CLAIMS**

the severance pay and paid COBRA premiums according to the agreement reached during the January 12 meeting and/or January 14 meeting.

In the alternative to his breach of contract claim, plaintiff asserts a claim for promissory estoppel, based upon plaintiff's foreseeable reliance on promises made to him by Acumed.

Plaintiff claims that as a result of Acumed's conduct, he is entitled to an award of not less than $76,000 for unpaid severance wages and benefits. Plaintiff claims further that he is entitled to penalty wages pursuant to O.R.S. 652.150 because Acumed "willfully" failed to pay plaintiff. Based on his claim of unpaid wages, plaintiff also seeks an award of reasonable attorney fees and costs pursuant to O.R.S. 652.200, and prejudgment interest on all sums from the time they were due at the rate of 9% per annum, simple interest.

Acumed denies plaintiff's claims in their entirety. Acumed contends that it did not enter into a contract on either January 12 or January 14, 2010 to pay plaintiff six months of severance pay and six months of paid COBRA premiums in exchange for his resignation because Colson Associates, Inc. ("Colson") never approved any such offer and/or Acumed never made or accepted such an offer. Acumed contends further that even if, on January 12, plaintiff and Acumed entered into a contract to pay six months of severance pay and six months of paid COBRA premiums in exchange for plaintiff's resignation, on January 14 Acumed and plaintiff mutually rescinded the contract and entered into an entirely new arrangement. Acumed contends that it honored the new arrangement on March 5, 2010 by offering plaintiff a severance package that included up to five months of severance pay and five months of paid COBRA premiums, which plaintiff rejected.

Acumed contends further that the alleged January 12 and/or January 14 promises were not sufficiently definite to constitute an offer and were not supported by consideration because

plaintiff had already indicated his desire and intention to resign.  Acumed also contends that its alleged promise to pay plaintiff a severance "better than Karsten" was not sufficiently definite to constitute an offer and was not supported by consideration.

In addition, Acumed asserts the affirmative defenses of unclean hands and after-acquired evidence.  Acumed contends that plaintiff's claim is barred by the doctrine of unclean hands because he engaged in certain inequitable conduct while still employed by Acumed.  Acumed contends further that after acquired evidence regarding plaintiff's conduct renders any severance agreement unenforceable and/or justifies denial of severance pay alleged by plaintiff.  Acumed also contends that any severance agreement is unenforceable because plaintiff anticipatorily breached the agreement.

Acumed contends that it timely paid all wages earned and owing to plaintiff at the time of his separation and, even if Acumed failed to timely pay all wages earned and owing to plaintiff, Acumed's conduct was not willful.

Acumed denies that plaintiff is entitled to the recover any damages, penalty wages, attorney fees, costs or prejudgment interest.

Dated: July 8, 2011

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP

*s/ Courtney Angeli*

Courtney Angeli, OSB No. 941765
courtney@baaslaw.com
Matthew B. Duckworth, OSB No. 022994
matt@baaslaw.com
Telephone:  503-974-5015
Facsimile:  971-230-0337

Attorneys for Defendant

Page 3   –   **DEFENDANT'S STATEMENT OF CLAIMS**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 8th day of July, 2011, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Paul L. Breed
Yamhill Plaza Building
815 SW Second Ave., Suite 500
Portland, Oregon 97204
plb@plbreed.net

                              BUCHANAN ANGELI ALTSCHUL &
                              SULLIVAN LLP

                              *s/ Courtney Angeli*
                              Courtney Angeli, OSB No. 941765
                              Telephone: (503) 974-5021

                              Attorneys for Defendant

PAGE 1 – CERTIFICATE OF SERVICE