**COURTNEY ANGELI**, OSB No. 941765
courtney@baaslaw.com
**MATTHEW B. DUCKWORTH**, OSB No. 022994
matt@baaslaw.com
**BUCHANAN ANGELI ALTSCHUL
& SULLIVAN LLP**
321 SW Fourth Avenue, Suite 600
Portland, OR  97204
Telephone:  (503) 974-5015
Facsimile:  (971) 230-0337

    Attorneys for Defendant

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

**JEFFREY R. PETERSON**,

    Plaintiff,

  v.

**ACUMED LLC, a Delaware Corporation**,

    Defendant.

Case No. CV 10-586-HU

**DEFENDANT'S PROPOSED JURY VERDICT FORM**

Defendant respectfully submits the attached proposed jury verdict form for use at trial.

Dated: July 11, 2011

    BUCHANAN ANGELI ALTSCHUL &
    SULLIVAN LLP

    */s/ Courtney Angeli*
    Courtney Angeli, WSB No. 27771
    courtney@baaslaw.com
    Matthew B. Duckworth, OSB No. 022994
    matt@baaslaw.com
    Telephone:  503-974-5015
    Facsimile:  971-230-0337
    Attorneys for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

**JEFFREY R. PETERSON**,

        Plaintiff,

   v.

**ACUMED LLC, a Delaware Corporation**,

        Defendant.

Case No. CV 10-586-HU

**JURY VERDICT FORM**

We the jury, having been first duly empaneled and sworn to well and truly try this case, do find our verdict as follows:

   **A. Peterson's Claims for Breach of Contract and Unpaid Wages:**

     1.   Did Peterson prove by a preponderance of the evidence that on January 12, 2010, Peterson and Acumed entered into a contract to pay Peterson six months of severance pay and six months of COBRA premiums in exchange for Peterson's resignation?

        _____                                      _____
        Yes                                                           No

[If your answer to No. A.1 is "Yes," proceed to No. A.2. If your answer to No. A.1 is "No," proceed to No. A.3.]

     2.   Did Acumed prove by a preponderance of the evidence that Peterson and Acumed mutually rescinded the contract entered into on January 12, 2010?

        _____                                      _____
        Yes                                                           No

[If your answer to No. A.2 is "Yes," proceed to No. A.3. If your answer to No. A.2 is "No," proceed to No. A.4.]

     3.   Did Peterson prove by a preponderance of the evidence that on January 14, 2010, Peterson and Acumed entered into a contract to pay Peterson six months of severance pay and six months of COBRA premiums in exchange for his resignation and working for Acumed through March 5, 2010?

        _____                                      _____
        Yes                                                           No

[If your answer to No. A.3 is "Yes," proceed to No. A.4.  If your answer to No. A.3 is "No," proceed to No. B.1.]

4. Did Peterson prove by a preponderance of the evidence that Acumed breached the contract reached on January 12 or January 14, 2010?

_____      _____
Yes                                                                      No

[If your answer to No. A.4 is "Yes," proceed to No. C.1.  If your answer to No. A.4 is "No," answer no further questions and have the presiding juror sign and date this form.]

**B. Peterson's Promissory Estoppel Claim:**

1. Did Peterson prove that Acumed made a promise to pay Peterson six months of severance pay and six months of COBRA premiums, that Acumed could reasonably foresee would cause Peterson to rely on the promise, and that Peterson actually relied on the promise?

_____      _____
Yes                                                                      No

[If your answer to No. B.1 is "Yes," proceed to No. C.1.  If your answer to No. B.1 is "No," answer no further questions and have the presiding juror sign and date this form.]

**C. Acumed's Defenses:**

1. Did Acumed prove by a preponderance of the evidence that it would not have offered Peterson a severance package if it had known of Peterson's misconduct?

_____      _____
Yes                                                                      No

[Proceed to No. C.2.]

2. Did Acumed prove by a preponderance of the evidence that Peterson anticipatorily breached or repudiated any contract between them?

_____      _____
Yes                                                                      No

[If your answer to either No. C.1 or No. C.2 is "Yes," answer no further questions and have the presiding juror sign and date this form.  If your answer to both No. C.1 and No. C.2 is "No," (1) proceed to No. D.1.]

**D. Damages on Peterson's Claims for Breach of Contract and Unpaid Wages:**

1. Did Peterson prove by a preponderance of the evidence that that he was damaged by Acumed's breach of contract?

_____                    _____
Yes                                    No

[If your answer to No. D.1 is "Yes," proceed to No. D.2.  If your answer to No. D.1 is "No," answer no further questions and have the presiding juror sign and date this form.]

2. What is the amount, if any, of Peterson's damages as a result of Acumed's breach of contract?

    $_____

[If your answer to D.2 is more than $0.00, proceed to No. D.3.  If you answer to D.2 is $0.00, answer no further questions and have the presiding juror sign and date this form.]

3. Did Acumed prove by a preponderance of the evidence that Peterson failed to exercise reasonable care to avoid increasing any damages he incurred?

_____                    _____
Yes                                    No

[If your answer to No. D.3 is "Yes," proceed to No. D.4.  If your answer to No. D.3 is "No," proceed to No. D.5.]

4. What is the amount, if any, that Peterson's damages increased as a result of Peterson's failure to exercise reasonable care?

    $_____

[Proceed to No. D.5.]

5. Did Peterson prove by a preponderance of the evidence that the six months of severance pay and six months of COBRA premiums constituted unpaid wages that Peterson had earned as of the time of the termination of his employment?

_____                    _____
Yes                                    No

[Proceed to No. D.6.]

6. Did Peterson prove by a preponderance of the evidence that Acumed willfully failed to pay Peterson wages earned but unpaid as of the time of the termination of his employment?

_____                    _____
Yes                                    No

[Answer no further questions and have the presiding juror sign and date this form.]

**E. Damages on Peterson's Promissory Estoppel Claim:**

1. Did Peterson prove by a preponderance of the evidence that that his reliance on

      Acumed's promise to pay him six months of severance pay and six months of COBRA premiums caused him substantial damage?

_____              _____
Yes                                                                                                       No

[If your answer to No. E.1 is "Yes," proceed to No. E.2. If your answer to No. E.1 is "No," answer no further questions and have the presiding juror sign and date this form.]

2.      What is the amount, if any, of Peterson's damages as a result of his reliance on Acumed's promise?

        $_____

[Have the presiding juror sign and date this form.]

_____              _____
Dated                                                              Presiding Juror

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 11th day of July, 2011, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

    Paul L. Breed
    Yamhill Plaza Building
    815 SW Second Ave., Suite 500
    Portland, Oregon 97204
    plb@plbreed.net

    BUCHANAN ANGELI ALTSCHUL &
    SULLIVAN LLP

    */s/ Courtney Angeli*
    Courtney Angeli, OSB No. 941765
    Telephone: (503) 974-5021

    Attorneys for Defendant

PAGE 1 – CERTIFICATE OF SERVICE