Paul L. Breed, OSB #83161
plb@plbreed.net
500 Yamhill Plaza Building
815 S.W. Second Ave.
Portland, Oregon  97204
Telephone:  (503) 226-1403
Facsimile:  (503) 223-1516

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JEFFREY R. PETERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ACUMED  LLC, a Delaware Corporation,<br><br>　　　　Defendant. | No.   CV 10-586-HU<br><br>PLAINTIFF'S MOTIONS IN LIMINE |

**First Motion: Evidence Regarding Plaintiff's Resume**

The plaintiff moves to exclude all evidence and argument related to the defense of so-called "resume fraud."    Such evidence should be excluded because it relates only to a defense which is not encompassed by the pleadings and is therefore irrelevant.    FRE 403, 404 and 412.

**Argument**

Defendant has recently announced that it believes plaintiff to have been guilty of "resume fraud."    Plaintiff disputes this allegation but is not in a position to defend against it because it

was not raised until long after the close of discovery.

The court will undoubtedly recall that, after the initial close of discovery, defendant sought to amend its Answer to add additional affirmative defenses and counterclaims. Defendant was allowed, over plaintiff's objection, to amend add the new defenses and counterclaims; however, the court ordered defendant to replead and then reopened discovery to allow plaintiff to perform discovery related to the new claims and defenses.   In its Opinion and Order of December 13, 2010, this court said:

> As written, the proposed defenses and the statements of damages are not sufficiently particular to give Peterson notice of the issues to address, nor do they provide sufficient limits to what evidence will be relevant on these issues at trial. Before it files its amended answer, Acumed is directed to correct these deficiencies.   Page 8.

Defendant then filed an Amended Answer, on January 13, which made no mention of purported resume fraud.   Plaintiff performed additional discovery which was related to the new factual allegations but not the resume fraud issue.   Defendant now seeks to amend the pleadings once again to encompass this new issue of which it has presumably been aware since the initial close of discovery on October 29 of last year.   Plaintiff has not been able to perform discovery with respect to the new allegations and is greatly disadvantaged by the new defense.

If plaintiff had the opportunity to perform discovery he would have been able to find evidence to support his contention that his resume is entirely truthful based on Acumed's records of his activities.   He also would have looked for evidence regarding how Acumed has treated employees who have committed similar acts.   He is unable to do so now and can not adequately defend against the new allegations.   The defense, and the evidence supporting it, should be excluded from the trial.

### Second Motion: Evidence Relating to Plaintiff's post-Acumed Employment

Plaintiff moves for the exclusion of any evidence or argument regarding plaintiff's post-Acumed employment.   This motion is made because the foregoing evidence is irrelevant, leads

to confusion and is unnecessarily prejudicial, FRE 403, 404 and 412.

## Argument

After leaving Acumed, plaintiff took a job with Galois, Inc. Defendant has listed as one of its witnesses a human resources employee from that company, Melissa Angeli, to testify regarding "the process whereby plaintiff applied for employment with Galois, his representations about his experience and duties at Acumed, as well as his departure from that Company."

The reference to "plaintiff's representations about his experience and duties at Acumed," is a reference to the purported resume fraud issue and should be excluded for the reasons stated above.

Defendant also wants to elicit testimony regarding the circumstances under which plaintiff left his job at Galois, Inc. Plaintiff's experience at Galois, Inc. occurred after his departure from Acumed and can not possibly have relevance to any of the issues in this case. The only possible reason that defendant could offer for this evidence is as character evidence against plaintiff. The evidence should be excluded.

Submitted: July 11, 2011


_____/s/_____
Paul L. Breed, OSB #83161
Attorney for Plaintiff
815 S.W. Second Ave., Suite 500
Portland, Oregon 97204
(503) 226-1403
plb@plbreed.net


Page -3-      PLAINTIFF'S MOTIONS IN LIMINE