**PAUL L. BREED, OSB #83161**
plb@plbreed.net
500 Yamhill Plaza Building
815 SW Second Ave.
Portland, Oregon  97204
Telephone: (503) 226-1403
Facsimile: (503) 223-1516

Attorney for Plaintiff

**COURTNEY ANGELI**, OSB No. 941765
courtney@baaslaw.com
**MATTHEW B. DUCKWORTH**, OSB No. 022994
matt@baaslaw.com
**BUCHANAN ANGELI ALTSCHUL**
**& SULLIVAN LLP**
321 SW Fourth Avenue, Suite 600
Portland, OR  97204
Telephone:  (503) 974-5015
Facsimile:  (971) 230-0337

Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

**JEFFREY R. PETERSON**,

        Plaintiff,

    v.

**ACUMED LLC, a Delaware Corporation**,

        Defendant.

Case No. CV 10-586-HU

**PROPOSED JOINT JURY INSTRUCTIONS**

The parties respectfully propose jointly that the Court give the following Jury

Instructions:

     Dated: July 11, 2011


LAW OFFICE OF PAUL L. BREED       BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP


*/s/ Paul L. Breed*            */s/ Courtney Angeli*
Paul L. Breed                Courtney Angeli, WSB No. 27771
Yamhill Plaza Building         courtney@baaslaw.com
815 SW Second Ave., Suite 500    Matthew B. Duckworth, OSB No. 022994
Portland, Oregon 97204        matt@baaslaw.com
Telephone:  (503) 226-1403     Telephone:  503-974-5015
plb@plbreed.net             Facsimile:  971-230-0337
Attorney for Plaintiff         Attorneys for Defendant


1.      Ninth Circuit Model Civil Jury Instruction ("MCJI") No. 1.1C  – Duty of Jury (Court Reads and Provides Written Instructions at End of Case)

2.      MCJI No. 1.2 –Claims and Defenses (Disputed)

3.      MCJI No. 1.3 – Burden of Proof – Preponderance of the Evidence

4.      MCJI No. 1.6 – What Is Evidence

5.      MCJI No. 1.7 – What Is Not Evidence

6.      MCJI No. 1.9 – Direct and Circumstantial Evidence

7.      MCJI No. 1.10 – Ruling on Objections

8.      MCJI No. 1.11 – Credibility of Witnesses

9.      MCJI No. 1.12 – Conduct of the Jury

10.     MCJI No. 1.13 – No Transcript Available to Jury

11.     MCJI No. 1.14 – Taking Notes

12.     MCJI No. 1.19 – Outline of Trial

13.     MCJI No. 2.2 (modified) – Stipulations of Fact

14.     MCJI No. 2.4 – Deposition in Lieu of Live Testimony

15.     MCJI No. 2.10 – Use of Interrogatories of a Party

16.     Testimony of a Corporate Representative

17.     MCJI No. 3.1 – Duty to Deliberate

18.     MCJI No. 3.2 – Communication With Court

19.     MCJI No. 3.3 – Return of Verdict

20.     Oregon Uniform Civil Jury Instruction ("UCJI") No. 65.01 – Contract Defined

21.     UCJI No. 65.02 – Offer and Acceptance

22.     UCJI No. 65.03 – Offer Defined

23.     UCJI No. 65.04 – Acceptance Defined

24.     UCJI No. 65.06 – Method of Acceptance – Unspecified by Offer (Disputed by Defendant)

25.     Undetermined Moment of Contract Formation (Disputed by Defendant)

26.     Consideration (Disputed by Plaintiff)

27.     UCJI No. 65.14 – The Parties' Interpretation of the Contract

28.     Contract Formation Objectively Determined

29.     UCJI No. 65.15 – Breach of Contract Defined

30.     Immaterial v. Material Breach

31.     UCJI No. 65.17 – Contract Interpretation – Ordinary Meaning of Terms

32.     Failure to Set Forth All Terms of Contract (Disputed by Defendant)

33.     UCJI No. 30.03 – Corporation Acts Through Agents

34.     UCJI No. 30.04A – Actual Agent

35.     UCJI No. 30.04D (modified) – Apparent Authority

36.     Rescission of a Contract

37.     UCJI No. 65.18 – Damages – Breach of Contract

38.     Excuse of Performance (Disputed by Defendant)

39.     UCJI No. 73.01 – Damages – Avoidable Consequences (Disputed by Plaintiff)

40.     After-Acquired Evidence (Disputed by Plaintiff)

41.     Anticipatory Repudiation

42.    UCJI No. 54.01 (modified) – Claim for Unpaid Wages – Wages Defined (Disputed)

43.    UCJI No. 54.02 (modified) –  Claim for Unpaid Wages – Quit With 48 Hours' Notice

44.    UCJI No. 54.05 (modified) – Penalty Wage for Failure to Pay Wages on Termination of or Quitting Employment (Disputed)

45.    Calculation of Penalty Wage (Disputed by Defendant)

46.    Employee's Right to Compensation (Disputed by Defendant)

47.    Promissory Estoppel

48.    Damages – Promissory Estoppel (Disputed by Plaintiff)

**Joint Proposed Jury Instruction No. 1**

**(Duty of Jury (Court Reads and Provides Written Instructions at End of Case))**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

_____

Ninth Circuit Model Civil Jury Instruction No. 1.1C.

**Defendant's Proposed Jury Instruction No. 2**

**(Claims and Defenses)**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Jeffrey Peterson ("Peterson") claims that he and Acumed LLC ("Acumed") entered into a contract on January 12, 2010 to pay Peterson six months of severance pay and six months of COBRA insurance benefits in exchange for Peterson's resignation. Peterson claims, alternatively, that he and Acumed entered into a contract a January 14, 2010 to pay Peterson six months of severance pay and six months of COBRA insurance benefits in exchange for Peterson's resignation. Peterson claims further that Acumed breached the contract by failing to pay Peterson the severance pay and insurance benefits and that such failure to pay was willful. Peterson claims further that even if he and Acumed did not enter into a contract on either January 12 or January 14, he may recover damages under the doctrine of promissory estoppel.

Peterson seeks monetary relief.

Peterson has the burden of proving each of his claims.

Acumed denies Peterson's claims in their entirety. Acumed claims that it did not enter into a contract to pay Peterson six months of severance pay and six months of COBRA insurance benefits in exchange for Peterson's resignation on either January 12 or 14. Acumed claims further that plaintiff may not recover any damages under the doctrine of promissory estoppels. Acumed seeks judgment denying relief to Peterson on his claims.

Acumed claims further that even if, on January 12, Peterson and Acumed entered into a contract to pay Peterson six months of severance pay and six months of paid COBRA insurance benefits in exchange for Petersons' resignation, on January 14 Acumed and Peterson mutually rescinded the contract and thereafter entered into an entirely new arrangement, which Acumed honored but Peterson rejected.

In addition, Acumed alleges that Peterson's claims are barred by the affirmative defense of after-acquired evidence because he violated the alleged contract's confidentiality provision, took into his personal possession, without permission, documents belonging to Acumed, and while Peterson was still employed by Acumed, presented a resume to at least one prospective employer that falsely described his job title, responsibilities and accomplishments at Acumed. Acumed claims that it would not have offered Peterson any severance if it had known of this misconduct. Acumed alleges further that Peterson's claims are barred because he anticipatorily repudiated the alleged contract by violating the alleged contract's confidentiality provision.

Acumed has the burden of proving each of its defenses.

_____

Ninth Circuit Model Civil Jury Instruction No. 1.2 (modified).

**Plaintiff's Proposed Jury Instruction No. 2**

**(Claims and Defenses)**

The case you are about to hear involves a dispute between Mr. Jeffrey Peterson and his former employer, Acumed LLC.  The plaintiff, Jeffrey Peterson, claims that he and his former employer, Acumed LLC,  entered into a contract to pay Peterson six months of severance pay and six months of insurance benefits in connection with Peterson's resignation.  Peterson says that Acumed breached the contract by failing to pay Peterson the severance pay and insurance benefits.    Peterson also says that because the failure was wilful, Acumed must pay him a penalty in the amount of 30 day's pay because of Acumed's failure to give him his final pay on time.

Alternatively, Peterson claims that even if a binding contract was not formed,  he may recover damages under a doctrine known as promissory estoppel because of his reliance on Acumed's promises.   Peterson has the burden of proving these claims.

Acumed denies Peterson's claims.    Acumed claims that it never promised to pay Peterson six months of severance pay and six months of insurance benefits.    Acumed alleges further that even if it did enter into such a contract with Peterson, Peterson's claims fail because Acumed and Peterson mutually rescinded the contract and thereafter entered into an entirely new arrangement.    Acumed says that Peterson's claims are also barred by the affirmative defense of after-acquired evidence because Peterson allegedly he violated the alleged contract's confidentiality provision and took into his personal possession documents belonging to Acumed. Acumed has the burden of proving these defenses.

**Joint Proposed Jury Instruction No. 3**

**(Burden of Proof—Preponderance of the Evidence)**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

_____

Ninth Circuit Model Civil Jury Instruction No. 1.3.

**Joint Proposed Jury Instruction No. 4**

**(What Is Evidence)**

The evidence you are to consider in deciding what the facts are consists of:

1.        the sworn testimony of any witness;

2.        the exhibits which are received into evidence; and

3.        any facts to which the lawyers have agreed.

_____

Ninth Circuit Model Civil Jury Instruction No. 1.6.

**Joint Proposed Jury Instruction No. 5**

**(What Is Not Evidence)**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

_____

Ninth Circuit Model Civil Jury Instruction No. 1.7.

**Joint Proposed Jury Instruction No. 6**

**(Direct and Circumstantial Evidence)**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

_____

Ninth Circuit Model Civil Jury Instruction No. 1.9.

**Joint Proposed Jury Instruction No. 7**

**(Ruling on Objections)**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

_____

Ninth Circuit Model Civil Jury Instruction No. 1.10.

**Joint Proposed Jury Instruction No. 8**

**(Credibility of Witnesses)**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

_____

Ninth Circuit Model Civil Jury Instruction No. 1.11.

### Joint Proposed Jury Instruction No. 9

### (Conduct of the Jury)

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

———————————————

Ninth Circuit Model Civil Jury Instruction No. 1.12.

**Joint Proposed Jury Instruction No. 10**

**(No Transcript Available to Jury)**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

_____

Ninth Circuit Model Civil Jury Instruction No. 1.13.

## Joint Proposed Jury Instruction No. 11

### (Taking Notes)

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

_____

Ninth Circuit Model Civil Jury Instruction No. 1.14.

**Joint Proposed Jury Instruction No. 12**

**(Outline of Trial)**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

_____

Ninth Circuit Model Civil Jury Instruction No. 1.19.

## Joint Proposed Jury Instruction No. 13

### (Stipulations of Fact)

The parties have agreed to the following facts:

1.      Plaintiff is a former employee of Acumed who worked as its controller for the last seven years of his employment. In this role, he reported directly to Acumed's General Manager and also to the Chief Financial Officer of a related company, Colson Associates, Inc. ("Colson"). As controller, plaintiff was part of Acumed's executive team.

2.      Throughout 2009, plaintiff began to perceive that Colson's CFO, Louhon Tucker, was not pleased with some of his work.  In late 2009, plaintiff told Acumed's Director of Global Human Resources, Noel Van Dyke, that he was seriously considering resigning because he anticipated that he would not be able to satisfy Tucker.  He asked about the possibility of receiving severance pay.

3.      In January 2010, plaintiff conveyed to Ms. Van Dyke that he wanted to move forward with his plan to resign.  She notified Acumed's President, David Jensen, of plaintiff's decision.  Mr. Jensen met with plaintiff on January 12 to discuss his departure.  What transpired during that discussion is a matter of dispute.

4.      On January 14, Acumed requested plaintiff to continue working until March 5 which would take them through Acumed's annual audit which plaintiff agreed to do.

5.      As of the termination of plaintiff's employment, his monthly salary was $11,700. The cost of plaintiff's COBRA premiums was $1,159.98 per month.

You should therefore treat these facts as having been proved.

_____

Ninth Circuit Model Civil Jury Instruction No. 2.2.

**Joint Proposed Jury Instruction No. 14**

**(Deposition in Lieu of Live Testimony)**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*witness*] was taken on [*date*]. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

_____

Ninth Circuit Model Civil Jury Instruction No. 2.4.

**Joint Proposed Jury Instruction No. 15**

**(Use of Interrogatories of a Party)**


Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

_____

Ninth Circuit Model Civil Jury Instruction No. 2.10.

**Joint Proposed Jury Instruction No. 16**

**(Testimony of a Corporate Representative)**

You have heard testimony from an individual designated as a corporate representative.  A witness designated as a corporate representative speaks for the corporation.  The corporation is obligated to prepare its representative so that she may give knowledgeable and binding answers for the corporation.

_____

*United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996).

**Joint Proposed Jury Instruction No. 17**

**(Duty to Deliberate)**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

_____

Ninth Circuit Model Civil Jury Instruction No. 3.1.

### Joint Proposed Jury Instruction No. 18

### (Communication with Court)

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

_____

Ninth Circuit Model Civil Jury Instruction No. 3.2.

**Joint Proposed Jury Instruction No. 19**

**(Return of Verdict)**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

_____

Ninth Circuit Model Civil Jury Instruction No. 3.3.

**Joint Proposed Jury Instruction No. 20**

**(Contract Defined)**

A *contract* is a legally enforceable promise or set of promises.

_____

Oregon Civil Jury Instruction No. 65.01.

**Joint Proposed Jury Instruction No. 21**

**(Offer and Acceptance)**

For a contract to exist, there must be an offer that is accepted.

_____

Oregon Civil Jury Instruction No. 65.02.

**Joint Proposed Jury Instruction No. 22**

**(Offer Defined)**

An *offer* is a proposal communicated by either words, conduct, or both that would reasonably lead the party to whom it is made to believe that the proposal is intended to create a contract if accepted.

_____

Oregon Civil Jury Instruction No. 65.03.

**Joint Proposed Jury Instruction No. 23**

**(Acceptance Defined)**

An *acceptance* is either words, conduct, or both that would reasonably leave the party who made the offer to believe that essential terms of the offer had been agreed to.

A response that changes, adds to, or qualifies the essential terms of the offer is not an acceptance.

_____

Oregon Civil Jury Instruction No. 65.04 (modified).

## Plaintiff's Proposed Jury Instruction No. 24

### (Method of Acceptance — Unspecified by Offer)

If the offer does not specify a particular method of acceptance, the party wishing to accept the offer may do so by any words and/or conduct which, under the circumstances, would lead a reasonable person to conclude that the offer had been accepted.

_____

Oregon Civil Jury Instruction No. 65.06.


**Defendant's Objection:** Defendant objects to this instruction because it is duplicative of the instructions regarding "offer" and "acceptance" and it is not relevant to the claims or facts of this case.  The parties agree that Acumed's president "Jensen met with Peterson on January 12 to discuss his departure" and that "[o]n January 14, Acumed requested Peterson to continue working until March 5 which would take them through Acumed's annual audit which Peterson agreed to do."  (Amended Pretrial Order, Agreed Facts, ¶¶ 3-4.)  Plaintiff alleges that "[a] binding agreement was reached during the January 12 meeting between Peterson and Jensen," or "[a]lternatively, a binding agreement was reached during the January 14 meeting during which Acumed asked Peterson to continue working until March."  (Amended Pretrial Order, Plaintiff's Contentions, ¶¶ 1-2.)  From these facts and contentions, it is clear that a jury must determine whether an offer was made and accepted during the conversation on January 12 or, alternatively, on January 14.  The method of acceptance is not at issue.

**Plaintiff's Argument in Favor:**  This is Oregon Uniform Civil Jury Instruction No. 65.06.  Plaintiff believes it to be appropriate to this case.   None of the accounts of the meeting between Jensen and Peterson on January 12 use the specific words "I offer" or 'I accept."   Rather, the evidence will be that the two engaged in a normal conversation at the conclusion of which Peterson agreed to work with his replacement to insure a smooth transition.    The instruction correctly states the law that Peterson's acceptance could be effected by a combination of words and conduct that would lead a reasonable person to believe the offer had been accepted.

### Plaintiff's Proposed Jury Instruction No. 25

### (Undetermined Moment of Contract Formation)

A contract may be made even though neither offer nor acceptance can be identified and even though the moment of formation cannot be determined.

_____

Restat. (2d) of Contracts § 22(2) (modified)

**Defendant's Objection:** Defendant objects to this instruction because it is not relevant to the claims or facts of this case.  The parties agree that Acumed's president "Jensen met with Peterson on January 12 to discuss his departure" and that "[o]n January 14, Acumed requested Peterson to continue working until March 5 which would take them through Acumed's annual audit which Peterson agreed to do."  (Amended Pretrial Order, Agreed Facts, ¶¶ 3-4.)  Plaintiff alleges that "[a] binding agreement was reached during the January 12 meeting between Peterson and Jensen," or "[a]lternatively, a binding agreement was reached during the January 14 meeting during which Acumed asked Peterson to continue working until March."  (Amended Pretrial Order, Plaintiff's Contentions, ¶¶ 1-2.)  From these facts and contentions, it is clear that a jury must determine whether an offer was made and accepted during the conversation on January 12 or, alternatively, on January 14.  Even if this instruction is a correct statement of Oregon law, the dispute in this case is on whether a contract was entered into and, if so, whether it was done on January 12 or 14.  Thus, this instruction is not relevant because the "moment of contract" formation can be determined to have occurred, or not, during either the conversation on January 12 or 14.

**Plaintiff's Argument in Favor:**  The language for this instruction is a slight modification of the language from the Second Restatement of Contracts, Section 22(2) to make it read consistently with the other jury instructions.     The modification has been made because the Restatement uses the phrase "mutual assent" to indicate the making of a contract.    The Restatement version provides:  [a] manifestation of mutual assent may be made even though neither offer nor acceptance can be identified and even though the moment of formation cannot be determined").

Plaintiff has therefore revised the Restatement language to make it consistent with Oregon's uniform instructions.    Section 22 of the Restatement has been adopted by Oregon Courts and it, therefore, is a correct statement of the law.    See,  Smejkal v. State, 239 Ore. App. 553 (Or. Ct. App. 2010)

We begin with general principles of contract law.  The formation of a contract requires "a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." Restatement (Second) of Contracts § 17(1) (1981). "The manifestation of mutual assent to an exchange ordinarily takes the form of an offer or proposal by one  party followed by an acceptance by the other party or parties." Id. at § 22(1)

## Defendant's Proposed Jury Instruction No. 26

### (Consideration)

*Consideration* is a necessary element of a valid contract.  If you find that Peterson resigned in exchange for severance pay, then there was consideration.  If you find that Peterson did not resign in exchange for severance pay, then consideration did not exist and you must find against Peterson on his breach of contract claim.

_____

*Feenaughty v. Beall*, 91 Or. App. 654, 661, 178 P. 600 (1919).

Restatement (Second) of Contracts § 1 (1981).

**Plaintiff's Objection:**  Plaintiff is not requesting an instruction on consideration, nor does he think the court should give an instruction on this subject.   The court has decided the issue of the adequacy of the consideration as a matter of law.   If the jury finds that there was an offer that was accepted, it follows that consideration would have been given.   Consideration is given when a promise has been made in exchange for a promise.   There is no additional factual issue here for the jury to decide.

**Defendant's Argument in Favor:** Contract formation requires "a bargain in which there is a manifestation of mutual assent to the exchange and a consideration."  *Ken Hood Construction v. Pacific Coast Construction*, 201 Or. App. 568, 578, 120 P.3d 6 (2005), *adh'd to as modified on recons*, 203 Or. App. 768, 126 P.3d 1254 (2006).  Although the adequacy of consideration is generally a question for the court, whether the facts exist to support a finding of consideration is a question for the jury.  In this case, defendant will present evidence that there was not any consideration to support any exchange of promises, because plaintiff had already resigned before Acumed offered him any severance.  Thus, the jury must determine whether consideration in fact existed.

**Joint Proposed Jury Instruction No. 27**

**(The Parties' Interpretation of the Contract)**

    In determining the intent of the parties, you may consider conduct relating to disputed terms of the contract before any controversy arose.

_____

Oregon Civil Jury Instruction No. 65.14.

**Joint Proposed Jury Instruction No. 28**

**(Contract Formation Objectively Determined)**

In determining whether a contract exists and what its terms are, we examine the parties' objective manifestations of intent, as manifested by their communications and acts. The parties' subjective intent is irrelevant.

———————————

*Ken Hood Constr. v. Pacific Coast Constr.*, 201 Or. App 568, 578, 120 P.3d 6 (2005.)

**Joint Proposed Jury Instruction No. 29**

**(Breach of Contract Defined)**

A *breach of contract* occurs when a party fails to perform as required by the contract.

_____

Oregon Civil Jury Instruction No. 65.15.

## Joint Proposed Jury Instruction No. 30

### (Immaterial v. Material Breach)

When a party fails to perform fully and that failure constitutes a breach of contract, the breach may be either immaterial or material. The distinction between an immaterial breach and a material breach is that a material breach is so substantial and important as in truth and in fairness to defeat the essential purpose of the parties.

_____

*Weaver v. Williams*, 211 Or 668, 676–677, 317 P2d 1108 (1957)

**Joint Proposed Jury Instruction No. 31**

**(Contract Interpretation – Ordinary Meaning of Terms)**

In deciding the meaning of the contract, you should assume that the words used in the contract have their ordinary meaning, unless you decide that both parties intended the words to have another meaning.

_____

Oregon Civil Jury Instruction No. 65.17.

**Plaintiff's Proposed Jury Instruction No. 32**

**(Failure to Set Forth All Terms in Contract)**

The fact that the parties have not expressly set forth all of the terms of their agreement does not, in and of itself, mean that the contract is unenforceable, so long as there is an objective method agreed upon by which the parties can settle the terms as a matter of fact.

_____

*Adair Homes, Inc. v. Jarrell*, 59 Or. App. 80, 650 P.2d 180 (1982).

**Defendant's Objection:**  This instruction is not relevant to plaintiff's claims.  As plaintiff asserted in his memorandum opposing defendant's summary judgment motion:

> Under the circumstances the court can easily determine the responsibilities of the parties to the contract.  Peterson was to resign; Acumed was to give him six months severance pay and six months COBRA continuation coverage.  To do anything less would be a breach of the parties' respective promises.

(Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment p. 11.) Thus, according to plaintiff's own theory of the case, the contract allegedly reached between he and Acumed did not fail to set forth all of the terms of its terms, making this instruction irrelevant.

**Plaintiff's Argument in Favor:**    This is an accurate statement of Oregon contract law taken from Adair Homes, Inc. v. Jarrell, 59 Or App 80, 650 P2d 180 (1982).    The instruction is appropriate to this case because there will be evidence that when the parties discussed the severance agreement they used a  shorthand method of referring to the severance agreement between Acumed and Karsten Zuendel rather than stating the specific terms of the agreement. A jury could find that the terms of the agreement could be determined by reference to the Zuendel agreement.

**Joint Proposed Jury Instruction No. 33**

**(Corporation Acts Through Agents)**

A corporation can act only through its officers, agents, or employees. Any action by the employee of the corporation is the act of that corporation if the act was within the scope of that person's employment.

_____

Oregon Civil Jury Instruction No. 30.03.

**Joint Proposed Jury Instruction No. 34**

**(Actual Agent)**

A person or entity is an actual agent when a principal, through words or conduct, gives that person or entity the authority to act on the principal's behalf subject to the principal's control and that person or entity agrees to act on the principal's behalf.

_____

Oregon Civil Jury Instruction No. 30.04A.

**Defendant's Proposed Jury Instruction No. 35**

**(Apparent Authority)**

Apparent authority may exist when an agent does not possess the actual or implied authority to act for the principal.  An agent has apparent authority if the principal's conduct causes the plaintiff to reasonably believe that the principal consents to have the agent act for it in a particular matter or function, and the plaintiff  relies upon that belief.

_____

Oregon Civil Jury Instruction No. 30.04D (modified).

**Joint Proposed Jury Instruction No. 36**

**(Rescission of a Contract)**

A *rescission* of a contract is an agreement by contracting parties to discharge all remaining duties of performance and terminate the contract. Rescission is accomplished by agreement of the parties, whether expressed in words or manifested by conduct. Rescission requires each party's agreement to discharge the other's remaining duties.

_____

*Edgley v. Jackson,* 276 Or. 213, 218, 554 P.2d 476 (1976).

Restatement (Second) of Contracts § 283.

Black's Law Dictionary 1308 (7th ed. 1999).

**Defendant's Argument in Favor:** For the reasons discussed in detail in Defendant's Motion in Limine No. 2, this instruction should be given because it is an accurate statement of the law and because it is relevant to defendant's contention that:

> Even if, on January 12, 2010, Peterson and Acumed somehow entered into a contract to pay six months of severance and six months of paid COBRA-continuation premiums in exchange for Peterson's resignation, on January 14 Acumed and Peterson mutually rescinded such a contract and thereafter entered into an entirely new arrangement, which Acumed honored but Peterson rejected.

(Amended Pretrial Order, Defendant's Contentions ¶ 8.)

**Joint Proposed Jury Instruction No. 37**

**(Damages – Breach of Contract)**

If the defendant breached the contract, then you must decide if the breach caused a loss and, if so, how much money should be paid.

The mere fact that I am talking about money does not mean that you should or should not award any money.

You can award money for those damages that arise naturally and necessarily from the breach of contract and would place the plaintiff in the same position as if the contract had not been breached.

_____

Oregon Civil Jury Instruction No. 65.18.

**Plaintiff's Proposed Jury Instruction No. 38**

**(Excuse of Performance)**

If the breaching party is obligated to perform first, and fails to perform fully and that failure is material, the injured party has, a right to suspend its performance.

_____

*See Walker v. Hewitt,* 109 Or. 366, 377-380, 220 P. 147 (1923).

Restatement, supra, §§ 225, 238.


**Defendant's Objection:** This instruction is redundant and unnecessary because it is encompassed within Joint Proposed Jury Instruction No. 41.

**Plaintiff's Argument in Favor:** This is a modification of language from Walker v. Hewitt, 109 Or 366, 377–380, 220 P 147 (1923).  It is a correct statement of the law as stated and restated by Oregon cases and the Restatement (Second) of Contracts §§225, 238. (1981).  The instruction in appropriate because it correctly informs the jury under what circumstances Acumed's performance might be excused.

_____

**Defendant's Proposed Jury Instruction No. 39**

**(Damages – Avoidable Consequences)**

A person who suffered damages has a duty to exercise reasonable care to avoid increasing that damage. There can be no recovery for increased damage caused by the failure to exercise such care.

_____

Oregon Civil Jury Instruction No. 73.01.

**Plaintiff's Objection:**

**Defendant's Argument in Favor:**  Under the doctrine of avoidable consequences, in general "a plaintiff cannot recover damages for losses that he could have avoided by reasonable conduct on his part." *Blair v. United Finance Co.*, 235 Or. 89, 91, 383 P.2d 72 (1963). The defense of avoidable consequences need not be affirmatively pled. *Id.* at 91; *Marcoulier v. Umsted*, 105 Or.App. 260, 264-65, 805 P.2d 140 (1991).

.

**Defendant's Proposed Jury Instruction No. 40**

**(After-Acquired Evidence)**

In a breach of contract case, after-acquired evidence of employee misconduct is a defense to a breach of contract action for wages and benefits lost.  The employer must show that it would not have offered the employee any severance agreement if it had known of the employee's misconduct.

_____

*Furnish v. Merlo*, 1994 WL 574137, *8 (D. Or. Aug. 29, 1994).

*Ellsworth v. Pot Luck Enters.*, 624 F. Supp. 2d 868, 882 (M.D. Tenn. 2009).

*Teter v. Republic Parking Sys.*, 181 S.W.3d 330, 339 (Tenn. 2005).

**Plaintiff's Objection**:  Plaintiff objects to an instruction on the issue of after-acquired evidence because there is insufficient evidence to establish the degree of serious misconduct which would justify such an instruction.    The instruction also fails to inform the jury that defendant has the burden of proving this affirmative defense.

Additionally, defendant's proposed instruction states that after-acquired evidence may constitute a defense in a breach of contract case.    Strictly speaking, this is not a breach of contract case, it is a claim for unpaid wages under ORS 652.140 and 652.150.    Although plaintiff must prove a contractual basis for recovery to maintain a cause of action under those statutes, the analysis is not necessarily always the same as that in a breach of contract case.    Common law defenses such as estoppel and waiver do not apply once plaintiff has earned his wages.  ORS 652.360   Kling v. Exxon, 74 OrApp 399, 703 P2d 1021 (1985).    Plaintiff is aware of no authority that has allowed the use of an after-acquired evidence defense to defeat a claim under the wage and hour laws.   In the context of federal wage and hour law the courts have been unanimous in holding that after-acquired evidence of misconduct is not a defense to a worker's right to pay under the Fair Labor Standards Act.    See, Rivera v. NIBCO, Inc., 364 F.3d 1057 (2004) (9th Cir. 2004) (after acquired evidence of plaintiffs' immigration status would not defeat claim for earned wages under Fair Labor Standards Act).

Finally, defendant's proposed instruction would inform the jury that the employer must show that it would not have offered the severance agreement had it known of the purported misconduct.    The authorities relied on by defendant, however, establish that the employer must show that it would have terminated the employee's employment had it known of the misconduct.  Plaintiff's proposes the following alternative instruction without intending a waiver of the foregoing objections.

**Defendant's Argument in Favor:** For the reasons discussed in detail in Defendant's Motion in Limine No. 1, this instruction should be given because it is an accurate statement of the law and because it is relevant to defendant's contention that it would not have offered plaintiff any severance agreement if it had known of plaintiff's misconduct during the audit period.  Plaintiff's

argument that after acquired evidence is not available assumes that plaintiff's claim is one for wages rather than for breach of contract, which defendant disputes.  Further, defendant has modified the rule to apply to the facts of this case, which involves payment of a severance rather than unlawful termination.

**Plaintiff's Proposed Jury Instruction No. 40**

**(After-Acquired Evidence)**

Defendant has raised the defense of after-acquired evidence.   After-acquired evidence of employee misconduct is a defense to a claim for unpaid wages if the employer proves by a preponderance of the evidence that the employee was guilty of serious misconduct and that it would have terminated the employee's employment had it known of the misconduct.

**Defendant's Objection:** See Defendant's Argument in Support of Defendant's Proposed Jury Instruction No. 40.

**Plaintiff's Argument in Favor:** See Plaintiff's Objections to Defendant's Proposed Jury Instruction No. 40**.**

### Joint Proposed Jury Instruction No. 41

### (Anticipatory Repudiation)

A party can breach, or repudiate, a contract where he demonstrates by acts or deeds that he does not intend to perform his obligations under the contract. Anticipatory breach or repudiation renders substantial performance of the party's contractual duties impossible, or apparently impossible, and results in a total breach of contract.

If Acumed proves that plaintiff breached or repudiated a contract between them, then the contract is unenforceable against Acumed.

_____

*Butler Block, LLC v. Tri-County Metropolitan Transp. Dist. of Oregon*, 242 Or. App. 395, __ P.3d __ (2011).

*Swick v. Mueller*, 193 Or. 668, 676, 238 P.2d 717 (1951).

Restatement of Contracts § 318.

**Plaintiff's Proposed Jury Instruction No. 42**

**(Claim for Unpaid Wages—Wages Defined)**

Wages means all compensation for performance of service by an employee for an employer including severance pay.

_____

Oregon Civil Jury Instruction No. 54.01 (modified).


**Defendant's Objection:** Defendant objects to this instruction because, as detailed in Defendant's Trial Memorandum, the severance pay at issue in this case does not constitute wages. "Wages" means compensation paid for an "employee's personal service." *State ex rel Nilsen v. Ore. Motor Ass'n*, 248 Or. 133, 136, 432 P.2d 512 (1967). Here, plaintiff will not claim at trial that he is entitled to severance pay because of a prior contractual obligation to pay him or due to his prior years of employment with Acumed, but rather merely in exchange for his resignation. As a result, the severance pay at issue does not constitute wages because plaintiff did not earn the severance pay for his personal services and because it was over and above wages he had received for his personal services to Acumed. As plaintiff claims, the severance would have been paid so that Acumed would avoid the costs associated with an involuntary termination, including the time and distraction of having to go through progressive discipline procedures.

**Defendant's Proposed Jury Instruction No. 42**

**(Claim for Unpaid Wages—Wages Defined)**

For the purposes of a claim for unpaid wages:

Wages means all compensation for performance of service by an employee for an employer. Wages include the cash value of all compensation paid in any medium other than cash and all compensation owed an employee by an employer.

_____

Oregon Civil Jury Instruction No. 54.01 (modified).

**Plaintiff's Objection:**

**Defendant's Argument in Favor:**  *See* defendant's objections to Plaintiff's Proposed Jury Instruction No. 42.

**Joint Proposed Jury Instruction No. 43**

**(Claim for Unpaid Wages—Quit With 48 Hours' Notice)**

To recover on a claim for unpaid wages, the plaintiff must prove

 (1) That the plaintiff earned wages that were unpaid on the last day of the plaintiff's employment;

(2) The amount of earned wages that were unpaid as of the last day of the plaintiff's employment; and

(3) The defendant did not pay all earned wages on the plaintiff's last day of employment.

_____

Oregon Civil Jury Instruction No. 54.02 (modified).

**Plaintiff's Proposed Jury Instruction No. 44**

**(Penalty Wage for Failure to Pay Wages on Termination of or Quitting Employment)**

If you find that the defendant failed to pay the plaintiff severance pay as required by their agreement, you must determine if the plaintiff is entitled to a penalty wage. To recover a penalty wage, the plaintiff must prove the defendant's failure to pay wages was willful.

An employer acts willfully when the employer fails to pay wages if the employer knows and intends to do what the employer is doing. A failure to pay wages is willful even if the employer did not know the failure to pay wages was a violation of law. The defendant does not act willfully if the defendant did not know that the plaintiff left employment or if the defendant made an unintentional miscalculation.

If the defendant willfully failed to pay severance you should award a penalty which is equal to thirty times the plaintiff's daily rate of pay.

_____

Oregon Civil Jury Instruction No. 54.05 (modified).

**Defendant's Objection:** Defendant objects to this first sentence of this instruction because it is an inaccurate statement of law. To be entitled to recover penalty wages, not only must plaintiff prove that defendant failed to pay plaintiff the severance pay as alleged required by their agreement, but also that the severance pay constitute wages; that plaintiff earned wages that were unpaid on the last day of plaintiff's employment; the amount of earned wages that were unpaid as of the last day of plaintiff's employment; and that defendant did not pay all earned wages on the plaintiff's last day of employment. *See* Oregon Civil Jury Instruction Nos. 54.01, 54.02; O.R.S. 652.140(2)(a) ("When an employee who does not have a contract for a definite period quits employment, all wages earned and unpaid at the time of quitting become due and payable immediately if the employee has given to the employer not less than 48 hours' notice, excluding Saturdays, Sundays and holidays, of intention to quit employment."); O.R.S. 652.150(1) (penalty wages applicable "if an employer willfully fails to pay any wages or compensation of any employee whose employment ceases, as provided in ORS 652.140"). Defendant proposes that the Court give Oregon Civil Jury Instruction No. 54.05 as written.

**Plaintiff's Argument in Favor:** See Plaintiff's Objections to Defendant's Proposed Jury Instruction No. 44.

**Defendant's Proposed Jury Instruction No. 44**

**(Penalty Wage for Failure to Pay Wages on Termination of or Quitting Employment)**

If you find that the defendant failed to pay the plaintiff wages due on quitting employment as required by law, you must determine if the plaintiff is entitled to a penalty wage. To recover a penalty wage, the plaintiff must prove the defendant's failure to pay wages was willful.

An employer acts willfully when the employer fails to pay wages if the employer knows and intends to do what the employer is doing. A failure to pay wages is willful even if the employer did not know the failure to pay wages was a violation of law. The defendant does not act willfully if the defendant did not know that the plaintiff left employment or if the defendant made an unintentional miscalculation.

If the defendant willfully failed to pay wages owed on quitting employment, you should award a penalty equal to the plaintiff's wages from the date the wages were due and payable until the date the wages are paid or until a legal action was commenced, whichever occurred first. The penalty wage may not exceed an amount equal to the employee's wages for 30 days.

The rate at which the plaintiff's wages shall continue is the plaintiff's hourly rate of pay times eight hours per day.

_____

Oregon Civil Jury Instruction No. 54.05.

**Plaintiff's Objection:** Defendant's proposed instruction is based on Oregon's Uniform Civil Jury instruction.   Plaintiff acknowledges that it correctly states the law in the abstract but objects because it is not well tailored for the facts in dispute in this case.

   Plaintiff believes that if he proves his entitlement to severance pay, then defendant's failure to pay can only have been wilful as that term is defined by Oregon law.   Defendant's belief that plaintiff was not contractually entitled to severance pay is not a defense.   Plaintiff may be entitled to a civil penalty even where defendant's nonpayment of wages was based on a misunderstanding. Wells v. Carson, 78 Or App 536, 717 P2d 462 (1986).   There is no dispute as to the amount of the unpaid severance, nor is there a dispute that defendant did not pay the severance for a period of time exceeding 30 days following plaintiff's last day of work.   A jury could not reasonably find against plaintiff on the penalty issue if it decides that he was owed severance pay.   To the extent that defendant is entitled to submit this issue to the jury at all, which plaintiff does not concede, plaintiff believes that an instruction based on the first two paragraphs of the uniform instruction is more appropriate.
   Additionally, the reference in the uniform instruction to plaintiff's hourly rate of pay could be confusing because he was, in fact, paid a salary.   We have therefore rewritten the instruction to refer to his daily rate of pay.

**Defendant's Argument in Favor:**  *See* defendant's objections to Plaintiff's Proposed Jury Instruction No. 44.

**Plaintiff's Proposed Jury Instruction No. 45**

**(Calculation of Penalty Wage)**

There is no discretion in finding the amount of the penalty.  It must be 30 times the employee's daily rate of pay.

_____

*State ex rel Neilsen v. Cushing*, 253 Or. 262, 453 P.2d 945 (1969) (no discretion in amount of penalty to award).


**Defendant's Objection:** Defendant objects to this instruction because it removes the issue from the jury and it is duplicative of the last sentence of Plaintiff's Proposed Jury Instruction No. 45.

**Plaintiff's Proposed Jury Instruction No. 46**

**(Employee's Right to Compensation)**

An employee's right to be paid the compensation he has earned cannot be avoided by an agreement between the employer and the employee. For this reason, an employer cannot be excused from liability even though the employee may have consented or acquiesced in his being paid less than required by law.

_____

Turney v. Tillman Co., 112 Or. 122 (1924)
ORS 652.360

**Defendant's Objection:**  Defendant objects to this instruction because it is not relevant to the issues in this case.  In *Turney v. Tillman Co*., 112 Or. 122, 123, 228 P. 933 (1924), an employee filed an action against his employer to recover overtime for work in excess of eight hours per day, where the employer and employer had agreed that the employee would work for $4 per day. The court noted that although "usually a person may waive by agreement the benefit of a statutory provision. But there is an exception to this general rule in the case of a statutory provision whose waiver would violate public policy expressed therein, or where rights of third parties which the statute was intended to protect are involved." *Id*. at 132.  There is no such exception here because plaintiff's claim is not one for wages.  Further, ORS 652.360, which generally prohibits an employer "by contract or any other means" from exempting itself from "any statute relating to the payment of wages," does not apply here because defendant is not attempting to exempt itself from any wage payment statute.  It simply disputes that any enforceable agreement for severance pay was ever reached between it and plaintiff and, even if such an agreement was reached, it was not an agreement for wages.

**Plaintiff's Argument in Favor:**  This instruction is derived from the langauge of ORS 652.360. It is appropriate because defendant is attempting to raise the defense of rescission.    Plaintiff's severance pay constituted wages within the meaning of ORS ch. 652.   A jury could find that plaintiff performed his part of the bargain when he agreed to resign and then worked with defendant's accounting manager to help insure a smooth transition to operating in his absence. Having done so, he acquired a vested right to payment of the wages which could not be altered, compromised or waived by agreement between the parties.    Vento v. Versatile Logic Systems Corp., 167 Or.App. 272 (2000).

An employee's part performance precludes the employer from revoking what it offered in exchange for the employee's work. See generally Oregon State Police Officers' Assn. v. State of Oregon, 323 Or. 356, 365-71, 918 P.2d 765 (1996).    Although an employer may retain the right to revoke a severance plan, if the employer offers that plan in exchange for an employee's continued work, then the plan becomes a contractual term of the employee's continued employment.  The employer cannot, by revoking the plan, substantially impair the employees's right to severance benefits that accrued prior to revocation.    Horton v. Prepared Media Laboratory, Inc., 165 Or App 357, 997 P2d 864 (2000).

## Joint Proposed Jury Instruction No. 47

### (Promissory Estoppel)

If you find against the plaintiff on his breach of contract claim, then you must determine whether he has proved his claim for promissory estoppel.  To recover on his claim of promissory estoppel, the plaintiff must prove:

(1) The defendant made a promise;

(2) The defendant could reasonably foresee that the promise would cause the plaintiff to engage in particular conduct;

(3) The plaintiff actually relied on the promise; and

(4) The plaintiff's reliance caused substantial damage to the plaintiff.

_____

*Roeder v. Pacificorp Fin. Servs.*, 2006 U.S. Dist. LEXIS 79996, *48-49 (D. Or. Oct. 27, 2006).

*Bixler v. First Nat'l Bank*, 49 Or. App. 195, 199-200, 619 P.2d 895 (1980).

**Defendant's Proposed Jury Instruction No. 48**
**(Damages—Promissory Estoppel)**

If find for plaintiff on his promissory estoppel claim, then you must decide if plaintiff incurred any loss as a result and, if so, how much money should be paid.

The mere fact that I am talking about money does not mean that you should or should not award any money.

You can award plaintiff money for the damages he incurred as a result of his reliance on defendant's promise. That is, you may award money to make him whole for his out-of-pocket expenses.

_____

*Bixler v. First Nat'l Bank*, 49 Or. App. 195, 199-200 & n.4, 619 P.2d 895 (1980).

*Neiss v. Ehlers*, 135 Or. App. 218, 223, 228, 899 P.2d 700 (1995).


**Plaintiff's Objection:** Plaintiff objects to defendant's proposed instruction because it informs the jury that "damages are limited to out-of-pocket expenses incurred in reliance on the promise."   In support of the instruction defendant relies on three cases,  *Neiss v. Ehlers*, 135 Or. App. 218, 227-28, 899 P.2d 700 (1995). *Bixler v. First National Bank*, 49 Or. App. 195, 199 n.4, 619 P.2d 895 (1980).  *Roeder v. Pacificorp Fin. Servs.*, 2006 U.S. Dist. LEXIS 79996, at *48-49 (D. Or. Oct. 27,2006).  None of these cases speak of reliance damages as being "limited" to out of pocket expenses.   Rather, they say that the party should be "made whole" for out of pocket expenses.   Plaintiff therefore proposes the following instruction which, unlike defendant's, is based on the language actually used by the courts in the cited cases.

 Promissory estoppel remedies are designed to compensate an individual for damages that result from actions in reliance on the promise, rather than providing comprehensive contract relief for the breach of the indefinite promise itself.   The damages you award should make plaintiff whole for expenses incurred in reliance on the promise.


**Defendant's Argument in Favor:** This instruction is proper because promissory estoppel remedies, unlike contract remedies, "are aimed at compensating the promisee for damages that result from actions in reliance on the promise, rather than providing comprehensive contract relief for the breach of the indefinite promise itself." *Neiss v. Ehlers*, 135 Or. App. 218, 228, 899 P.2d 700 (1995).  Likewise, the harm that promissory estoppel rectifies "is not the breach of the promise, but the harm that results from the promisor's inducement and the promisee's actions in reliance." *Id*. at 229.  Thus, should plaintiff prevail on his promissory estoppel claim, he may not recover traditional contract damages, but instead is limited to reliance or out-of-pocket damages.